UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Numbers 06-20172-4-BC;
                                          09-14749-BC
v.                                  Honorable Thomas L. Ludington

PHIL PERRY

        Defendant.
_____/

**<u>ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE SENTENCE, DENYING MOTION FOR AN EVIDENTIARY HEARING, DENYING MOTION REQUESTING APPOINTED COUNSEL, STRIKING IMPROPERLY FILED LETTER, AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Petitioner Phil Perry entered a guilty plea to one count of conspiracy to possess with intent to distribute at least five kilograms of cocaine and one hundred kilograms of marijuana in violation 21 U.S.C. §§ 846 & 841(b)(1)(A)–(B), and was sentenced to 120 months in prison on December 15, 2008. [Dkt. # 243]. Petitioner filed a notice of appeal [Dkt. # 244] on December 23, 2008. The appeal was dismissed [Dkt. # 263] by the Sixth Circuit on February 17, 2009 because Petitioner did not pay the required filing fee, file an appearance form, or order a transcript of the trial court proceedings. On December 7, 2009, Petitioner filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [Dkt. # 297]. The motion was referred to Magistrate Judge Charles E. Binder, who issued a report and recommendation on June 8, 2010 [Dkt. # 312]. Petitioner filed two separate objections to the report and recommendation [Dkt. # 313, 318] and the government filed a response [Dkt. # 314]. Petitioner also filed a motion for an evidentiary hearing [Dkt. # 325] and a motion asking the Court to appoint an attorney to represent him [Dkt. # 333].

In his report, Judge Binder recommended that the Court deny Petitioner's motion to vacate his sentence. Judge Binder recommended dismissing Petitioner's ineffective assistance of counsel claim because Petitioner cannot demonstrate his counsel's performance was deficient or that his counsel's errors prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Judge Binder recommended dismissing Petitioner's claim that his guilty plea was coerced based on the affidavits of Petitioner's attorneys explaining the circumstances surrounding the plea and emphasizing their belief that it was voluntary [Dkt. # 311-A, -B]. Judge Binder recommended dismissing Petitioner's Fourth Amendment challenge based on his conclusion that the search and seizure complied with the law. *See United States v. Schlotzhauer*, 356 F. App'x 56, 58 (9th Cir. 2009). Finally, Judge Binder concluded that Petitioner's complaints about his attorneys' alleged "personal issues" were irrelevant.

Any party may serve and file specific objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id. See also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). A party must file specific objections to or its right to further review will be waived. *Id.* Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

Petitioner filed two separate pleadings, which, if construed liberally, may be characterized

as objections to Judge Binder's report. [Dkt. # 313, 318].[1] Petitioner's objections focus on his competency to plead guilty, particularly, whether he was able to understand the consequences of his actions. Petitioner suggests that he did not understand the charges against him or the consequences of his guilty plea. The objection is without merit. Petitioner admitted in his signed plea agreement that he had voluntarily conspired with at least one other person to distribute more than five kilograms of cocaine, an offense that carries a congressionally mandated minimum sentence of ten years in prison. 21 U.S.C. § 841(b)(1)(A)(ii). The plea agreement clearly provided that by pleading guilty, Petitioner acknowledged that he would be required to spend at least ten years in federal prison. [Dkt. # 171]. Petitioner was represented by counsel throughout the process, and he has not offered any evidence that he was not capable of understanding the terms of the agreement with the assistance of his attorneys.

Petitioner further contends that he was coerced into entering the plea because he was concerned about what might happen his wife, Theresa Perry. Theresa was indicted as a co-conspirator in the fourth superseding indictment. As part of Petitioner's plea agreement, the government agreed to dismiss all federal charges against Theresa. [Dkt. # 171]. Petitioner's motion emphasizes the depth of his concern for his wife, and notes that he "was willing to do anything to keep his wife out of JEOPARDY." [Dkt. # 318]. He further suggests that the government exploited his concern for his wife in its effort to solicit a guilty plea from Petitioner. That may well be true. It is not, however, a justification to vacate his sentence where there is no evidence that Petitioner is actually innocent of the offense.

---

[1] The second objection is not timely. However, because the objections focus on the same issue, both will be considered.

To prevail on a § 2255 motion to vacate his sentence, Petitioner must demonstrate that it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Petitioner alleges that the government pressured him to plead guilty by threatening to prosecute his wife along with him. That is a tactic reasonable people might criticize as a matter of prosecutorial discretion, but it is not a tactic that is prohibited by the Constitution. As such, even if it is true, it does not merit § 2255 relief.

Finally, Petitioner contends, generally, that he "respectfully OPPOSE[s] **all** findings of this Honorable Court and furthermore continues the APPEAL of this matter." [Dkt. # 313]. This Court is only obligated to consider specific objections to Judge Binder's report. "Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A general objection to Judge Binder's conclusions is insufficient to require further review by this Court or the Sixth Circuit.

Petitioner may appeal this Court's determination only if he receives a certificate of appealability from this Court. 28 U.S.C. § 2253(c)(2). A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A habeas petitioner makes a "substantial showing of the denial of a constitutional right" when he demonstrates that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the Court's conclusions with regard to the merits of Petitioner's claims. As a result, he is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED** that Petitioner's objections to Judge Binder's report [Dkt. #

313, 318] are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report [Dkt. # 312] is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate [Dkt. # 297] is **DENIED**.

It is further **ORDERED** that Petitioner's motion for an evidentiary hearing [Dkt. # 325] is **DENIED** because he has not demonstrated that he is entitled to an evidentiary hearing. "[T]he files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

It is further **ORDERED** that Petitioner's motion for appointed counsel is **DENIED** because he has not demonstrated appointed counsel is justified under 28 U.S.C. § 2255(g).

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that the letter filed by Petitioner's wife [Dkt. # 336] is **STRICKEN** because she is not a party to these proceedings or an attorney authorized to appear on Petitioner's behalf. The clerk is directed to remove the image from the docket.

                                                     s/Thomas L. Ludington  
                                                     THOMAS L. LUDINGTON  
                                                     United States District Judge

Dated: April 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Phil Perry #26371-039, at Federal Correctional Institute - Morgantown, P.O. Box 1000, Morgantown, WV 26507-1000 by first class U.S. mail on April 21, 2011.

                         s/Tracy A. Jacobs  
                         TRACY A. JACOBS